1822.

MASON
v.
CODWISE.

## MASON *against* CODWISE and others, Executors of ROOSEVELT.

A creditor who came in, after the Master had filed his report, and obtained leave to prove his debt, without stipulating to contribute to the costs of the suit, brought by the other creditors against the executors, the *assets* not being sufficient to pay all the debts proved, was not allowed his costs out of the fund.

AN *original* bill was filed by the heirs of *S. Nicoll,* against *C. C. Roosevelt, Peter R. Ludlow* and wife, for an account, on the 4th of *April,* 1812, to which *Roosevelt* filed his answer, on the 27th of *August,* 1812. No further proceeding was had in that suit, and *Roosevelt* died in *February,* 1814. On the 5th of *February,* 1816, the heirs of *Nicoll* filed an *original* bill against the executors of *C. C. Roosevelt,* and the above named *Peter R. Ludlow* and

*July* 1.

1822.

MASON
v.
CODWISE.

wife, for an account, &c. to which bill the executors of *C.
C. R.* interposed a plea in bar of the pendency of the
former suit, and that the same ought to be revived as
against the executors, and they have the benefit of the
answer of *C. C. R.* On the 14th of *October*, 1817, this
plea was argued and allowed, but with liberty to the plain-
tiffs to amend their bill.

In *December*, 1817, the plaintiff, a creditor, filed her
bill in the above entitled cause, and an order of reference
was entered in *June*, 1818, to take the account and proof
of debts, on which reference *G. B. Evertson*, who married
one of the daughters of *Nicoll*, proved a debt of his own.
The time for taking the proof of debts having elapsed, the
master made his report on the 23d of *October*, 1818. On
the 30th of *November*, 1818, the heirs of *Nicoll* presented
a *petition*, without notice, sworn to by *G. B. Evertson*, and
obtained an order to be made parties in the cause, and to
have their accounts referred to the same master to whom
the original order of reference was given. On the first
meeting before the master, it was objected, that the original
suit against *C. C. Roosevelt* ought to have been revived,
and that this order of the 30th of *November*, 1818, ought
not to have been obtained ; but the parties settled that
point, by entering into an agreement, " that the answer of
*C. C. R.* should be considered to have the same effect, as
if the original suit, in which that answer was filed, had been
revived, and as if these proceedings of the petitioners were
had in that original suit so revived."

Various hearings were had before the master in relation
to the claims of the petitioners, which the solicitors for the
plaintiff and defendants all united to oppose. They con-
tended, that the petitioners should be concluded by *Roose-
velt's* answer, and that the balance to be allowed them
should be limited to the amount admitted by the answer,
which was 706 dollars 71 cents. But the master finally
reported the sum of 3,500 dollars to be due to them, which

report was confirmed. It appeared that the estate of *Roosevelt* was *insufficient* to pay all the debts proved against it.

The question raised and stated in this case was, whether the heirs of S. *Nicoll,* deceased, were entitled to their costs out of the assets in Court, the same not being sufficient to pay all the debts proved ?

*D. S. Jones,* for the heirs of *Nicoll,* cited *Maxwell* v. *Wettenhall,* 2 *P. Wms.* 26. *sixth point.*

*Boyd,* contra, cited *Abell* v. *Screech,* 10 *Vesey,* 355. 14 *Vesey,* 307. and 2 *Maddock's Tr.* 498.

THE CHANCELLOR. Costs out of the fund to the heirs of *N.* must be denied. It appears that they did not come in or apply to prove their debt in this suit of *Mason,* the creditor, until the time for taking the proof of debts had elapsed, nor until a month after the master had made and filed his report thereon. Their admission was rather an act of indulgence; and the Court had not then declared any general rule or practice of this Court, rendering it necessary for all the creditors of the estate to come in and prove their debts. The heirs of *Nicoll* did not come in under a decree requiring them, as a condition of admission, to contribute to the costs of the suit; and, of course, if the case had turned out much more adversely than it has done, as to assets, the heirs of *N.* could not have been held to contribute towards the expense of the plaintiff's suit.

In the case of *Abell* v. *Screech,* (10 *Vesey,* 355.) it was admitted not to be of course to allow costs of proving a debt before the master, under the usual decree upon a creditor's bill; and the costs of a creditor proving his debt before the master, were not allowed in that case to be a charge upon the fund. I infer the *English* practice to

*(margin)* 1822.

MASON
v.
CODWISE.

be, that in ordinary cases, the creditors prove their debts before the master, at their own expense, when the assets fall short. But without laying down any general rule on the subject, I shall, in this case, where the creditor was so dilatory in coming in, and when he did not come in under the condition or stipulation to be contributory to the costs, not allow him his costs out of the fund.

Costs denied.